FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMI P., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 4:20-CV-05220-JAG <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 28, 30.  Attorney Chad Hatfield represents Jami P. (Plaintiff); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.    JURISDICTION

Plaintiff filed an application for Supplemental Security Income on July 6, 2017, alleging disability since June 1, 2009,[2] due to depression, hearing loss, PTSD, anxiety, extra vertebrae in lower back, and bad knees.  Tr. 144-45.  The application was denied initially and upon reconsideration.  Tr. 181-89, 193-99.  Administrative Law Judge (ALJ) Lori Freund held a hearing on September 24, 2019, Tr. 78-119, and issued an unfavorable decision on March 23, 2020.  Tr. 15-26.  Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on September 10, 2020.  Tr. 1-5.  The ALJ's March 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on November 10, 2020.  ECF No. 1.

## II.    STATEMENT OF FACTS

Plaintiff was born in 1978 and was 38 years old when she filed her application.  Tr. 24.  She went to school until the 11th grade and later obtained her GED.  Tr. 422-23, 513.  She has alleged PTSD stemming from the removal of her child from her care and from past abusive relationships.  Tr. 93, 473, 484, 490-91, 633.  Her anxiety has resulted in her needing her mother or another companion to accompany her when she leaves home.  Tr. 107-09, 490, 607.  She has also received treatment for back pain and left knee pain, in addition to various other acute medical issues.  Tr. 502, 524-26.

---

[2] Plaintiff later amended her alleged onset date to match the filing date, July 6, 2017.  Tr. 81, 372.

### III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d

at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On March 23, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-26.

At ***step one***, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 18.

At ***step two***, the ALJ determined Plaintiff had the following severe impairments: left knee degenerative joint disease, morbid obesity, lumbago, diabetes, unspecified depressive disorder, social anxiety/panic disorder, and PTSD. *Id.*

At ***step three***, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with the following limitations:

> [S]he could only occasionally climb stairs and ramps, stoop, kneel, crouch and crawl. She should avoid climbing ladders/ropes/scaffolds and unprotected heights as well as walking on uneven terrain. She would be limited to simple and repetitive tasks with only occasional changes in a work setting.

> No fast paced or timed production work could be performed. She could not work with the public but could have superficial interaction with co-workers and supervisors. No over-the-shoulder supervisory actions.

Tr. 21.

At *step four*, the ALJ found Plaintiff had no past relevant work. Tr. 24.

At *step five* the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of garment sorter, mail clerk and housekeeping cleaner. Tr. 25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 26.

## VI.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by: (1) improperly evaluating the medical opinion evidence; (2) conducting an inadequate step three analysis; (3) improperly rejecting Plaintiff's subjective complaints; and (4) making inadequate step five findings.

## VII.   DISCUSSION

A.   **Medical Opinion Evidence.**

Plaintiff argues the ALJ erred in evaluating the medical opinions from Drs. Shapiro, Tacheny, Rubin, Marks, Genthe, Carstens, and Harmon. ECF No. 28 at 7-16. For claims filed on or after March 27, 2017, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding,

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 5

regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

### 1. *Dr. Marks and Dr. Genthe.*

Plaintiff attended two consultative psychological exams, one with Dr. Marks in 2017 and one with Dr. Genthe in 2019. Tr. 490-95, 512-19.

Dr. Marks diagnosed Plaintiff with unspecified anxiety, depressive, and personality disorders, and agoraphobia. Tr. 492. She found Plaintiff had a marked impairment in multiple work-related functions, including performing routine tasks without special supervision, making simple work-related decisions, being aware of normal hazards and taking appropriate precautions, asking simple questions and requesting assistance, communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, completing a normal workday without interruptions from psychologically based symptoms, and setting realistic goals and planning independently. Tr. 493. She opined that Plaintiff was overall markedly limited by her mental impairments. *Id.*

In 2019, Dr. Genthe performed a second consultative exam, diagnosing Plaintiff with major depressive disorder, social anxiety disorder, and PTSD. Tr. 514. He also found Plaintiff to be overall markedly impaired, with marked limitations in her ability to communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and complete a normal workday without interruptions from psychologically based symptoms. Tr. 515.

The ALJ addressed these two opinions together, finding them to be unpersuasive, as they were one-time evaluations based on Plaintiff's subjective allegations, and contained little meaningful explanation to support the degree of limitation opined. Tr. 23-24. The ALJ further found the opinions were not fully supported by the mental status exam findings contained in the reports or the record as a whole, and were inconsistent with the opinions of the medical expert and the state agency reviewing doctors. *Id.*

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

Plaintiff argues the ALJ's assessment is insufficient, as it was all boilerplate rejection with no substantive analysis of the opinions or discussion of what findings contradicted the assessed limitations. ECF No. 28 at 11-14. Plaintiff argues the reports each contain abnormal findings that are supportive of the opinions and that the opinions are consistent with the treatment records. *Id.* at 14-15. Defendant argues the ALJ reasonably considered the largely normal findings on each exam, and reasonably interpreted the reports as lacking in explanation for the moderate and marked limitations assessed. ECF No. 30 at 11-12. Defendant further argues the ALJ reasonably rejected the opinions as based on Plaintiff's unreliable self-reports, due to the doctors not reviewing any records, and reasonably found them to be contradicted by other opinions in the record. *Id.* at 13-14.

The Court finds the ALJ's analysis is not supported by substantial evidence. While a doctor's opinion may be discounted if it is based to a large extent on a claimant's incredible self-reports, *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008), the nature of psychological exams is such that opinions will always be somewhat based on the reports of the subject, as has been noted by the Ninth Circuit:

> [A]s two other circuits have acknowledged, "[t]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology …" *Blankenship v. Bowen,* 874 F.2d 1116, 1121 (6th Cir. 1989) (quoting *Poulin v. Bowen,* 817 F.2d 865, 873-74 (D.C. Cir. 1987)). Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. *See Poulin,* 817 F.2d at 873 ("[U]nlike a broken arm, a mind cannot be x-rayed."). Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.

*Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Moreover, both Dr. Marks and Dr. Genthe noted abnormal findings on their mental status exams that supported the imposition of limitations on Plaintiff's abilities, including poverty of content of speech, guarded behavior, poor retention of knowledge, and not being within normal limits with respect to perception, fund of knowledge, insight, and judgment. Tr. 494-95, 516-17. Both doctors also documented Plaintiff's symptom reports as meeting the diagnostic criteria for depression, PTSD or anxiety, and personality disorder. Tr. 491-92, 514. The ALJ did not explain why she found the findings from these exams did not support the opinions, as she did not discuss the content of the exam findings or the opinions at all. Tr. 23-24. Furthermore, as discussed below, the reviewing DSHS doctors concluded that the diagnoses and limitations were supported by the available evidence and exam findings, a factor the ALJ failed to acknowledge. Tr. 499, 520.

On remand, the ALJ shall reconsider Dr. Marks and Dr. Genthe's opinions.

### 2. <u>Dr. Carstens and Dr. Harmon.</u>

Following the exam by Dr. Marks, Plaintiff's DSHS file was reviewed by Dr. Carstens, who concurred with Dr. Marks' diagnoses and severity ratings, though she opined that the duration of Plaintiff's impairment would be longer than Dr. Marks stated. Tr. 499-500. A similar review was undertaken by Dr. Harmon following Dr. Genthe's 2019 consultative exam. Tr. 520-21.

The ALJ stated that no analysis of these decisions was warranted under the revised rules, as they were decisions by another governmental agency, and were thus neither inherently valuable nor persuasive. Tr. 24. Plaintiff argues the ALJ erred by failing to consider the disabling assessments of these doctors. ECF No. 28 at 15-16. Defendant argues that the ALJ did discuss the opinions, findings them neither valuable nor persuasive, and further asserts that the same analysis as

applied to Drs. Marks and Genthe applied to Drs. Carstens and Harmon, as they were completely reliant on the previous exams. ECF No. 30 at 14-15.

The Court finds the ALJ must reconsider these opinions on remand. It is not clear to the Court that the reviewing opinions from DSHS are decisions by another governmental agency that are not due any analysis. The revised regulations note that opinions from other governmental agencies about disability and other benefits decision apply their own program rules, and thus are not binding on SSA and are not decisions about whether an individual is disabled under SSA's rules. 20 C.F.R. § 416.904. However, the opinions in question here do not comment on Plaintiff's eligibility for other program benefits, but rather are medical opinions about what functional limitations she faces; thus, they are due a persuasiveness analysis. 20 C.F.R. §§ 416.913(a)(2), 416.920c.

Furthermore, because the Court finds the ALJ erred in her rejection of Drs. Marks and Genthe, that analysis may not be imparted to Drs. Carstens and Harmon. Finally, the Court also notes that Dr. Carstens reviewed three additional exam reports dating back to 2012, and thus her opinion was not based entirely on Dr. Marks' assessment. Tr. 499.

On remand the ALJ shall reconsider these opinions.

    3.    ***Additional Opinions.***

Plaintiff raises additional challenges to the ALJ's discussion of the medical experts who testified at the hearing and Plaintiff's treating physician, Dr. Tacheny. Because this claim is being remanded for further proceedings, the ALJ shall reconsider the record as a whole in making new findings regarding the five-step process.

**B.**    **Step Three.**

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in

Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Plaintiff argues the ALJ erred by failing to find her conditions to meet or equal Listing 1.02A, based on her inability to walk on rough or uneven surfaces, and that her conditions meet Listing 12.05B based on her full-scale IQ score of 69. ECF No. 28 at 16-18.[3]

### 1. *Listing 1.02A – Major Dysfunction of a Joint.*

Former Listing 1.02A[4] for major dysfunction of a joint required the following elements:

> *Major dysfunction of a joint(s) (due to any cause):* Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00 B2b;

---

[3] Plaintiff also makes a blanket assertion that she should be found disabled pursuant to Listings 1.04, 12.04, 12.06, and 12.15, but does not make any argument as to how her conditions fulfill the requirements of those listings. ECF No. 28 at 18. Thus, the Court will not address those Listings.

[4] The Listings have since been amended to eliminate this section, though it was in effect at the time of adjudication. The language of the former listing is available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0434121013

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11

…

Listing 1.02. An inability to ambulate effectively is defined as follows:

    b.    *What we mean by inability to ambulate effectively*

        (1) *Definition*. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05 C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)

        (2) *To ambulate effectively*, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes**, the inability to walk a block at a reasonable pace on rough or uneven surfaces**, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

Listing 1.00(B)(2)(b)(*emphasis added*).

    Plaintiff argues her degenerative joint disease of the left knee satisfies these requirements, based on the testimony of Dr. Shapiro at hearing that she could not

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 12

walk on uneven ground, and the findings of consultative examiner Dr. Opara, who said Plaintiff needed a cane due to back pain, left knee tendinosis, and findings of antalgic gait, tenderness, and reduced range of motion.  ECF No. 28 at 17.  Defendant argues Plaintiff has not shown that she is unable to ambulate effectively, as she does not require the use of an assistive device that uses both hands.  ECF No. 30 at 18.  Defendant further argues that Dr. Shapiro stated Plaintiff's conditions did not meet or equal any listing, and while Dr. Opara found Plaintiff required a cane, the ALJ identified numerous other records that showed normal gait and no mention of an assistive device.  *Id.* at 18-19.

The Court finds the ALJ did not err.  Plaintiff has failed to present evidence that satisfies each of the elements of the Listing.  Dr. Shapiro's testimony that Plaintiff should not walk on uneven surfaces as part of her work requirements does not establish that she is unable to ambulate effectively, particularly in light of his additional statements that Plaintiff's condition did not meet or equal any listing.  Tr. 85-87.

    2.    ***Listing 12.05 – Intellectual Disorder.***

Listing 12.05B for intellectual disorders is satisfied by the following criteria:

1. Significantly subaverage general intellectual functioning evidenced by a or b:

    a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or

    b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 13

                limitation of two, of the following areas of mental functioning:

        a.     Understand, remember, or apply information (see 12.00E1); or

        b.     Interact with others (see 12.00E2); or

        c.     Concentrate, persist, or maintain pace (see 12.00E3); or

        d.     Adapt or manage oneself (see 12.00E4); and

3.     The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R Part 404, Subpart P, Appendix 1, §12.05.

        Plaintiff argues her full scale IQ score of 69 meets the requirements of Listing 12.05B. ECF No. 28 at 18. However, she makes no further argument as to how the other sections of the Listing are met. The ALJ found Plaintiff had no more than a moderate limitation in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting and managing herself. Tr. 19. Plaintiff has not challenged these findings. Therefore, she has not met her burden of demonstrating that each of the elements of the listing are met.

        On remand, however, the ALJ will reconsider each step in the sequential evaluation process.

**C.**     <u>**Plaintiff's Subjective Statements.**</u>

        Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 28 at 18-20. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231

(9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's allegations were not supported by the objective evidence, were inconsistent with the majority of the medical opinions in the file and were undermined by inconsistent evidence in the file. Tr. 22. She additionally found some evidence of possible secondary gain motivation and noted that Plaintiff's significant criminal history was likely a barrier to her employment. *Id.*

Because this claim is being remanded for reconsideration of other evidence, the ALJ shall also reconsider Plaintiff's subjective statements in light of any updated records and other findings.

D. **Step Five.**

Plaintiff argues that the ALJ erred in her step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 15

No. 28 at 20-21. Considering the case is being remanded for the ALJ to properly address other issues, the ALJ will be required to make a new step five determination and call upon a vocational expert to provide testimony.

## VIII.  CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits under the credit-as-true rule.  Under Ninth Circuit caselaw, the Court had the discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  The commentary accompanying the 2017 revisions to the rules for assessing medical opinions made clear that "it is never appropriate under our rules to 'credit-as-true' any medical opinion" and specifically mentioned that the Ninth Circuit rules were not being adopted in the new regulations. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, Fed Reg. Vol 82, No. 11 5858-60 (Jan 18, 2017).  The Court therefore finds that remand for further proceedings is the appropriate remedy.  Additionally, while the Court has found that the ALJ's decision is not supported by substantial evidence, the ALJ may very well reach the same conclusions on remand after further consideration of the issues identified in this Order.

On remand, the ALJ shall reevaluate the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, and take into consideration any other evidence submitted or arguments relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 28**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 30**, is **DENIED**.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 16

3.  The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.  An application for attorney fees may be filed by separate motion.

5.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 20, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE